# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

CONNIE RAY ISRAEL,

        Petitioner,

v.                                              Case No. 3:22-cv-961-TJC-MCR

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

        Respondents.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

    Petitioner, an inmate of the Florida penal system, initiated this case by filing a pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254. Doc. 1. Although not a model of clarity, Petitioner appears to challenge a 1990 state court (St. Johns County, Florida) judgment of conviction. See id. at 1. He also references two other state court (Putnam County, Florida) judgments of conviction, and appears to raise allegations that prison officials engaged in retaliation and hindered his right of access to courts. For the reasons discussed, this action is due to be dismissed without prejudice.

### a. Petitioner's 1990 Judgment of Conviction (St. Johns County)

    In 1990, Petitioner was convicted of two counts of uttering forged instruments. See Israel v. State, 573 So. 2d 975 (Fla. 5th DCA 1991). The trial

court sentenced Petitioner on count one to a twenty-two-month term of incarceration and a consecutive five-year term of probation on count two. Id. The appellate court reversed Petitioner's sentence on count one because the trial court failed to provide written reasons for imposing a departure sentence and remanded the case to the trial court for resentencing. Id. at 976. However, because Petitioner already completed his sentence for count one before the appellate court's remand, the trial court, on May 9, 1991, resentenced Petitioner on count two by vacating the five-year probationary term and imposing a thirty-month term of incarceration with 400 days of credit for time served. Doc. 1-1 at 23. According to the Florida Department of Corrections' website, Petitioner completed his sentence for count two and was released from the FDOC's custody on October 7, 1991. See Corrections Offender Network, Florida Department of Corrections, available at www.dc.state.fl.us (last visited Sept. 26, 2022).

A United States district court shall "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). The "in custody" requirement is jurisdictional but is liberally construed. Howard v. Warden, 776 F.3d 772, 775 (11th Cir. 2015).

> The Supreme Court has stated that the "in custody" requirement means "that the habeas petitioner [must] be 'in custody' under the conviction or sentence under

2

> attack at the time his petition is filed." Maleng, 490 U.S. at 490-91.[1] Accordingly, where a petitioner's sentence has fully expired, he does not meet the "in custody" requirement, and the mere possibility that the prior conviction will be used to enhance a sentence imposed for any subsequent crime is not enough to render him "in custody." Id. at 492. The Supreme Court further noted that, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Id.

Birotte v. Sec'y for Dep't of Corr., 236 F. App'x 577, 578 (11th Cir. 2007).[2]

Rather, the "in custody" requisite "still requires that the state exercise some control over the petitioner." Howard, 776 F.3d at 775.

> [For example,] when [a] § 2254 petition can be construed as asserting a challenge to the current state sentence that was enhanced by an allegedly invalid prior state conviction, the petitioner is "in custody" for purposes of federal habeas jurisdiction. [Maleng,] 490 U.S. at 493-94; see also Lackawanna Cnty. Dist. Att'y v. Coss, 532 U.S. 394, 399-402 (2001) (concluding § 2254 petitioner satisfied "in custody" requirement because the earlier state conviction he nominally sought to

---

[1] Maleng v. Cook, 490 U.S. 488 (1989); see Howard, 776 F.3d at 776 (recognizing that "[s]ection 2241 also requires a close relationship between the state's custody and the alleged constitutional violation. Specifically, a person must be in custody under the conviction or sentence under attack at the time his petition is filed" (quotation and citations omitted)).

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

3

>> challenge had been used to calculate his sentencing range for his later state conviction).
>
> [However,] [a]lthough such a § 2254 petitioner satisfies the "in custody" requirement, the petitioner may not collaterally attack the prior expired state sentence unless the petitioner alleges that the prior state conviction was obtained in violation of [the] Sixth Amendment right to counsel announced in Gideon v. Wainwright, 372 U.S. 335 (1963). Lackawanna, 532 U.S. at 404. Additionally, the § 2254 petitioner seeking relief under the Lackawanna exception must satisfy the procedural prerequisites for relief. Id.

Green v. Price, 439 F. App'x 777, 781-82 (11th Cir. 2011).

Here, the 1990 convictions that Petitioner challenges expired in October 1991 when he finished serving his sentence for count two and was released from custody. Petitioner filed the Petition over thirty years later. Because Petitioner is no longer serving a sentence for his St. Johns County convictions, he cannot bring a federal habeas action attacking them. Although Petitioner is currently in state court custody under a separate judgment of conviction, he does not allege that he remains subject to state custody because of his 1990 convictions or that the 1990 convictions enhanced his current incarceration. Petitioner also fails to assert that his 1990 convictions were obtained without the benefit of counsel, in violation of Gideon. Thus, Petitioner has not satisfied the "in custody" requirement for his 1990 convictions for purposes of federal habeas jurisdiction. See Maleng, 490 U.S. at 492 (holding the mere possibility that a

4

fully served sentence might be used to enhance a new sentence did not render petitioner "in custody" for habeas purposes).

**b. Petitioner's 1994 & 1999 Convictions (Putnam County)**

Petitioner also makes passing references to two unrelated Putnam County, Florida, judgments of conviction – a 1994 judgment of conviction for burglary of a dwelling with battery, kidnapping, two counts of sexual battery, and robbery (State v. Israel, No. 1992-CF-1289 (Fla. 7th Cir. Ct.)); and a 1999 judgment of conviction for burglary of a dwelling with battery, kidnapping, sexual battery with great force, and first degree murder (State v. Israel, No. 1993-CF-1684 (Fla. 7th Cir. Ct.)). Doc. 1 at 14-15.

As an initial matter, Rule 2(e) of the Rules Governing Section 2254 cases provides that "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." While a petitioner may challenge multiple convictions in one habeas action if those convictions are from "a court of the same county or judicial district or circuit," the petitioner cannot challenge in one action multiple convictions imposed by two courts of different and unrelated counties. Byrd v. Drew, No. CV408-149, 2008 WL 4905548, at *1 (S.D. Ga. 2008). Thus, Petitioner cannot use the Petition to challenge his convictions obtained in St. Johns County and his convictions obtained in Putnam County because those judgments of conviction come from separate and distinct state courts.

5

Also, as to Petitioner's 1994 Putnam County case, on October 15, 2018, this Court dismissed with prejudice Petitioner's federal habeas petition challenging that judgment of conviction. See Israel v. Sec'y, Fla. Dep't of Corr., No. 3:15-cv-1505-J-32PDB (M.D. Fla.). Because this Court has already adjudicated Petitioner's claims challenging that state court case, this Court has no authority to consider a second challenge to the 1994 convictions without prior authorization from the Eleventh Circuit. See 28 U.S.C. § 2244(b)(3)(A) (requiring a petitioner to "move in the appropriate court of appeals for an order authorizing the district court to consider" the filing of "a second or successive application"); Insignares v. Sec'y, Fla. Dep't of Corr., 755 F.3d 1273, 1278 (11th Cir. 2014) ("[s]ubject to [certain] exceptions[,] . . . a district judge lacks jurisdiction to decide a second or successive petition filed without [the Eleventh Circuit's] authorization"). And the Eleventh Circuit has not granted Petitioner authorization to file a second or successive habeas petition for his 1994 convictions.

As to Petitioner's 1999 Putnam County case, on March 27, 2012, this Court adjudicated Petitioner's federal habeas petition challenging that judgment of conviction. See Israel v. Sec'y, Fla. Dep't of Corr., No. 3:09-cv-58-J-25JRK (M.D. Fla. Mar. 27, 2012), aff'd, 517 F. App'x 694 (11th Cir. 2013). Subsequently, in December 2017, the state court vacated Petitioner's death sentence in that case, pursuant to Hurst v. State, 202 So. 3d 40 (Fla. 2016), and

6

issued a new judgment of conviction resentencing him to a life term of incarceration. Israel, No. 1993-CF-1684. While Petitioner's 2017 judgment of conviction may mean that a second in time challenge to his 1999 state court case is not "second or successive" under the purview of 28 U.S.C. § 2244(b)(3)(A), the Court declines to reach that issue here. Indeed, Petitioner does not raise a discernable claim challenging that 1999 case and the piecemeal nature of the Petition makes it virtually impossible to construe the allegations as being only applicable to those convictions.[3]

**c. Civil Rights Claims**

Finally, Petitioner appears to allege that in 1990, "the St. Augustine Police Department and St. Johns County, Florida," improperly dismissed a 42 U.S.C. § 1983 civil rights action in retaliation for Petitioner's claims against his former trial judge and violated his right of access to courts. Doc. 1 at 13. But those claims are not cognizable in a § 2254 petition and should be raised in civil rights action.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1.  This case is **DISMISSED without prejudice**.

---

[3] The Court also notes that despite Petitioner's 2017 resentencing, a second in time petition challenging the 1999 Putnam County case is likely outside the AEDPA's one-year statute of limitations.

7

2. The Clerk of Court shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. If Petitioner appeals this dismissal, and insofar as one needed for an appeal, the Court denies a certificate of appealability.[4] Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of October, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

C:  Connie Israel, #065135

---

[4] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.